# A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2007-2534 LYNN JONES V DAVOL INC

Filing Date: 05-17-2007
Case Status: UNASSIGNED

Case Type: PERSONAL INJURY
Status Date: 05-17-2007

Plaintiff: LYNN JONES
ID: @10905847

Attorney: DONALD MIGLIORI

Defendant: DAVOL INC
ID: @10905848

Defendant: C R BARD INC
ID: @10905849

**Scheduled Events**

| Date | Event | Location | Judge |
|---|---|---|---|

**Prior Events**

| Date | Event | Location | Judge |
|---|---|---|---|

**Case Jacket**

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

**Docket Entry Information**

| Date | Description | Text |
|---|---|---|
| 05-17-2007 | COMPLAINT FILED | |
| 05-17-2007 | INITIAL FILING FEE | |
| 05-17-2007 | Payment Applied | A Payment of -$160.00 was made on receipt SCP248849. |

STATE OF RHODE ISLAND
SUPERIOR COURT
CIVIL CASE COVER SHEET

CASE # PC-07-2534

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Lynn Jones<br>PLAINTIFF ID# | Davol, Inc. et al.<br>DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | ( ) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | (✓) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) **NC** NAME CHANGE | ( ) **TU** TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL ( ) YES ( ) NO IF YES: ( ) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION#
PRO SE/NAME: Bar No. 4936 [signature] DATE: ~~TODAY~~ 5/16/07

SC223 (REV05-05)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **LYNN JONES** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **Civil Action No:** PC-07-2534 |
| | : | |
| **DAVOL INC. and C. R. BARD INC.** | : | |
| **Defendants.** | : | |

**COMPLAINT**

**Parties**

1. Plaintiff, LYNN JONES ("Ms. JONES") is a citizen and resident of the County of Wake, State of North Carolina.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and



2007 MAY 17 A 11:40

participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

## Jurisdiction

4. The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action. DAVOL is a resident of the State of Rhode Island who manufacturers the product in Rhode Island. DAVOL's principal place of business is the State of Rhode Island. Ms. JONES brings this complaint solely under state law and not under federal law and specifically not under the United States Constitution, or any of its amendments. Ms. JONES believes and alleges that causes of action exist under the hereinafter set out state law claims for the conduct complained of herein.

## Facts

5. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Ms. JONES's body.

6. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Ms. JONES's body.

7. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

8. On June 16, 2005, Ms. JONES had an incisional hernia repair performed at Memorial

Hospital Union County, in Maryville, Ohio. Ms. JONES had a Large Oval Composix Kugel Patch implanted during this procedure.

9. The Composix Kugel Patch hernia repair product implanted in Ms. JONES was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

10. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

11. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

12. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

13. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

14. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

15. Within a few months of having the defective Kugel patch implanted, Ms. JONES began suffering extreme and abdominal pains for which she sought treatment from her physicians. Unaware of the defective nature of the Composix Kugel Patch and its memory recoil ring, Ms.

JONES physicians were unable to diagnose the cause of her suffering as the ring break defect failed to show up on the diagnostic imaging devices which were used.

16. Due to the increasing pain which Ms. JONES was experiencing and CT scans which began to show evidence of inflammation around the hernia repair site, an exploratory and repair surgery was scheduled by Ms. JONES' physicians

17. On or about June 6, 2006, Dr. Pelfrey performed an upper abdominal exploratory procedure which became a full repair and replacement surgery once he noted the condition of the Composix Kugel Patch. Dr. Pelfrey noted a portion of the omentum adherent to the mesh in an area of the Kugel Patch where there was "some inward buckling." Dr. Pelfrey further noted that "there was a breakage in the ring" at this location of the patch. All around this defective patch, there was noted to be "a tremendous amount of very thickened scar tissue." The entirety of the Patch was excised because the defective Kugel patch was the source of all of Ms. JONES' pain and complication.

18. Ms. JONES has suffered and will continue to suffer physical pain and mental anguish.

19. Ms. JONES has incurred substantial medical bills and Ms. JONES has suffered loss of other monies.

20. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

21. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

22. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

23. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

24. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

25. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates

**COUNT I**
**Negligence**

26. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

27. Defendants DAVOL and BARD were negligent to Ms. JONES in the following respects:

28. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

29. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

30. DAVOL and BARD so negligently and carelessly designed, manufactured, tested,

failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

31. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Ms. JONES.

32. Defendants DAVOL and BARD owed a duty to Ms. JONES to adequately warn her and hers treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

33. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

34. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in Ms. JONES's hernia repair surgery failed, resulting in Ms. JONES suffering pain and harm.

35. As a direct and proximate result of DAVOL's and BARD's negligence, Ms. JONES has suffered injuries and damages.

36. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as

represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Ms. JONES requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II
### Violation of the R.I. Deceptive Trade Practices Act

37. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

38. Defendants DAVOL and BARD engaged in unfair and deceptive trading practices with the Ms. JONES in the following respects:

39. Defendants DAVOL and BARD are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Composix Kugel Patch for hernia repair surgery.

40. Defendants DAVOL and BARD knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production marketing, promotion, advertising, distribution and/or sale of the Composix Kugel Patch for hernia repair surgery.

41. Defendants DAVOL and BARD knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Composix Kugel Patch for hernia repair surgery.

42. While Defendants DAVOL and BARD knew or reasonably should have known that some Composix Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Composix Kugel Patch for hernia repair surgery, specifically that the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients.

43. DAVOL and BARD did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

44. DAVOL and BARD did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

45. DAVOL and BARD failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

46. DAVOL's and BARD's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

47. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** Ms. JONES requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT III**
**Strict Product Liability**

48. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

49. Defendants DAVOL and BARD are strictly liable to Ms. JONES in the following respects:

50. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

51. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Ms. JONES's Composix Kugel Patch was a Class I recalled device that failed while in hers body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of hers Composix Kugel Patch.

52. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

53. The Composix Kugel Patch implanted into Ms. JONES was being used in a manner reasonably anticipated at the time it was implanted in her by hers surgeon.

54. The Composix Kugel Patches, like the one found in Ms. JONES, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were

unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Ms. JONES as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Composix Kugel Patch as designed and manufactured was unsafe to Ms. JONES;

iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Ms. JONES;

iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Ms. JONES, would expect;

v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

55. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Ms. JONES requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT IV
## Negligent Infliction of Emotional Distress

56. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

57. Defendants DAVOL and BARD are liable to Ms. JONES for the negligent infliction of emotional distress in the following respect:

58. Ms. JONES suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing,

advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

59. Ms. JONES suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

60. Therefore, DAVOL and BARD are liable to Ms. JONES.

61. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** Ms. JONES requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT V**
**Intentional Infliction of Emotional Distress**

62. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

63. Defendants DAVOL and BARD are y liable to Ms. JONES for the intentional infliction of emotional distress in the following respect:

64. Ms. JONES suffered severe emotional distress, which was as a result of DAVOL's

and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

65. Ms. JONES suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Ms. JONES.

66. Therefore, DAVOL and BARD are liable to Ms. JONES.

67. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Ms. JONES requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VI
## Breach of Implied Warranty

68. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

69. Defendants DAVOL and BARD are liable to Ms. JONES for their breach of implied

warranty in the following respect:

70. DAVOL and BARD sold the Kugel Patch which was implanted in Ms. JONES. DAVOL and BARD impliedly warranted to Ms. JONES, hers physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

71. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

72. Ms. JONES, hers physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

73. When the Composix Kugel Patches was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

74. Ms. JONES suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

## COUNT VII
## Failure to Warn

75. Ms. JONES re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

76. In the course of business, DAVOL and BARD designed, manufactured and sold the

Composix Kugel Patch to St. Joseph Health Center for hernia repair surgeries.

77. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time Ms. JONES received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

78. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

79. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. JONES had hers hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

80. Ms. JONES did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

81. Ms. JONES suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

82. The conduct of BARD and DAVOL in continuing to market, promote, sell and

distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore**, Ms. JONES respectfully requests judgment in hers favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for hers costs.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.**

Plaintiff, LYNN JONES
By her Attorneys,

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Jon C. Conlin
Craig P. Niedenthal
Ernest Cory
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, Alabama 35209
205-328-2200
205-326-7896

Fred Thompson, III

Rhett D. Klok
Fred Thompson
Henry Leventis
Carmen Scott
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216-9450 FAX

Teresa C. Toriseva
Nancy Wilkins
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV
304-238-0066
304-238-0149 FAX

Edward Wallace
Mark Miller
WEXLER TORISEVA WALLACE LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602
312-346-2222
312-346-0022 FAX

Dated: