**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LYNN JONES,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>Defendants. | ) | Civil Action No.: 07-190L |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC.**

Defendant C.R. Bard, Inc. and Defendant Davol Inc., by and through their counsel, answer Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Davol admits that it is a subsidiary of C.R. Bard, Inc. organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Davol further admits that limited manufacturing of the Composix® Kugel® Patch has occurred in Rhode Island.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to Composix® Kugel® Hernia Patch. Bard admits that it does business in the State of Rhode Island.

**JURISDICTION**

4. Davol admits that its principal place of business is in the State of Rhode Island, and that limited manufacturing of the Composix® Kugel® Hernia Patch took place in the State of Rhode Island. As to the remaining allegation in Paragraph 4 of the Complaint, Defendants state they are conclusions of law and no answer is required, but to the extent an answer is required, Defendants deny the same.

**FACTS**

5. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 5 of the Complaint, Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny the same.

6. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the complaint, Defendants do not know what is meant by "delivery" beyond the meaning of "distributed" which has been admitted or lacks sufficient

knowledge or information to form a belief as to the truth of the allegations. Defendants accordingly deny the remaining allegations.

7. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations of this paragraph.

10. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death

13. See Response to Paragraph 11.

14. See Response to Paragraph 11.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

**COUNT I**
**Negligence**

26. In response to Paragraph 26 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

27. The allegations in Paragraph 27 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**
**Violation of the R.I. Deceptive Trade Practices Act**

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

38. The allegations in Paragraph 38 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. Davol admits that it manufactured, tested, designed, developed, sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations. The remaining allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. Denied. Davol states that at all relevant times it timely informed the FDA of all reportable medical device reports of which it was aware.

44. Denied. Davol states that at all relevant times it timely informed the FDA of all reportable medical device reports of which it was aware. Davol's ability to "inform the public at large" is controlled by FDA regulations, which were complied with.

45. The allegations in Paragraph 45 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT III
**Strict Product Liability**

48. In response to Paragraph 48 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

49. The allegations in Paragraph 49 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations. As to the remaining allegations contained in Paragraph 50 of the complaint, Defendants do not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Defendants accordingly deny the remaining allegations.

51. The allegations in Paragraph 51 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

54. The allegations in Paragraph 54 and its subparts (i) through (x) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

55. The allegations in Paragraph 55 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IV**
**Negligent Infliction of Emotional Distress**

56. In response to Paragraph 56 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

57. The allegations in Paragraph 57 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT V**
**Intentional Infliction of Emotional Distress**

62. In response to Paragraph 62 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

63. The allegations in Paragraph 63 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VI
**Breach of Implied Warranty**

68. In response to Paragraph 68 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

69. The allegations in Paragraph 69 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

73. The allegations in Paragraph 73 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VII**
**Failure to Warn**

75. In response to Paragraph 75 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

77. The allegations in Paragraph 77 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

81. The allegations in Paragraph 81 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

7. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

9. If plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If plaintiff used a product sold by Defendants, plaintiff used the product for off-label purposes, which bars the plaintiff's claims.

11. The learned intermediary doctrine bars plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

16. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related

or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

17. Defendants state that if plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with plaintiff and owe no duty to plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

24. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Rhode Island Constitution.

27. To the extent that the applicable Rhode Island law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Rhode Island Constitution.

28. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Rhode Island and/or other applicable laws.

29. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Rhode Island.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: May 24, 2007

Respectfully submitted,

BY: /s/ Mark T. Nugent
/s/ Thomas M. Robinson
Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420
Mnugent @morrisonmahoney.com
Trobinson@morrisonmahoney.com

ATTORNEYS FOR DEFENDANTS
C.R. BARD, INC. AND DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, a true and correct copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
Motley Rice
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

*via first-class, postage prepaid, mail*

/s/Thomas M. Robinson